UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| STEVE CARL KING | ] | |
|---|---|---|
| Petitioner, | ] | |
| | ] | |
| v. | ] | No. 1:15-0031 |
| | ] | Haynes/Knowles |
| GERALD McALLISTER, Warden | ] | |
| Respondent. | ] | |

To:  Honorable William J. Haynes, Jr., Senior District Judge

## R E P O R T  A N D  R E C O M M E N D A T I O N

By an order (Docket Entry No. 5) entered April 13, 2015, the Court referred this action to the undersigned "to hear and determine any pretrial issues, motions, including discovery matters, to conduct any necessary conferences and hearings and to submit a report and recommendation for disposition of any motion filed under Fed. R. Civ. P. 12, 15, 56 and 65."

### I. Background

In November, 2006, a jury in Giles County found the petitioner guilty of attempted first degree murder. Docket Entry No. 17-12 at pg. 105. For this crime, he received a sentence of twenty two (22) years in prison. Docket Entry No. 17-3 at pg. 103.

During the pendency of an appeal of the conviction, the petitioner filed a petition for a Writ of Error Coram Nobis, asking the trial court "to examine newly discovered evidence", i.e., statements made after the trial by the victim (Gloria McCormack) recanting her testimony. Docket Entry No. 17-1 at pgs. 105-107. The court conducted a coram nobis hearing and ultimately decided

1

to deny the petition. Docket Entry No. 17-2.

The Tennessee Court of Criminal Appeals affirmed the petitioner's conviction. Docket Entry No. 17-20. The Tennessee Supreme Court later denied petitioner's application for further review. Docket Entry No. 17-22.

In August, 2011, the petitioner filed a *pro se* petition for post-conviction relief in the Circuit Court of Giles County. Docket Entry No. 17-23 at pgs. 4-8. Following the appointment of counsel, amendments to the petition, and an evidentiary hearing, the trial court denied the petitioner post-conviction relief. *Id.* at pgs. 93-103.

On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 17-39. Once again, the Tennessee Supreme Court rejected petitioner's application for additional review. Docket Entry No. 17-41.

## II. Procedural History

On April 6, 2015, the petitioner, through counsel, initiated the instant action with the filing of a petition for writ of habeas corpus (Docket Entry No. 1). The petition contains five alleged instances of the ineffective assistance of counsel.[1] These claims include :

    1)    counsel were ineffective for failing to adequately communicate a 15 year plea offer to the petitioner;

    2)    counsel were ineffective for misinforming the petitioner about the elements needed to prove the offense and seriously overstating the government's burden of proof;

    3)    counsel were ineffective for failing to share with the petitioner all of the discovery provided, thus limiting

---

[1] At trial, the petitioner was represented by J. Russell Parkes, acting as lead counsel, with Wesley Mack Bryant assisting him. Docket Entry No. 17-26 at pg. 31. Both attorneys are members of the Maury County Bar.

>his ability to assess the strength of the government's case;

4) counsel were ineffective for neglecting to move for suppression of statements the petitioner made to the Chicago police on the ground that he was highly intoxicated at the time; and

5) counsel were ineffective because they failed to request an instruction that the jury must be unanimous in determining how the petitioner intended to kill the victim.[2]

By an order (Docket Entry No. 6) entered by the undersigned on April 20, 2015, the respondent was directed to file an answer, plead or otherwise respond to the petition.

Presently before the Court are respondent's Answer (Docket Entry No. 18), petitioner's Summary of the State Court Record in Support of his Petition (Docket Entry No. 19), and a Joint Statement (Docket Entry No. 20) from the parties.

Having carefully considered the petition, these pleadings and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Schriro v. Landrigan, 550 U.S. 465, 474 (2007). Of note, in the Joint Statement, the parties agree that an evidentiary hearing is not needed in this instance.

### III. Analysis of the Issues

The parties agree, and the undersigned concurs, that each of the petitioner's claims has been fully exhausted in the state courts during the post-conviction proceeding. *See* Docket Entry No. 17-37.

The availability of federal habeas corpus relief is limited with respect to claims that have been previously adjudicated on the merits in state court. Harrington v. Richter, 562 U.S. 86 (2011).

---

[2] The victim was both stabbed and run over by petitioner's truck.

When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999).

In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). In short, the petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, *supra* at 562 U.S. 103.

The petitioner has alleged five instances in which counsel were ineffective. The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. Missouri v. Frye, 132 S.Ct. 1399, 1404 (2012). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorneys' performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984).

Initially, counsel is presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 466 U.S. 690; Mallett v. United

4

States, 334 F.3d 491, 497 (6th Cir. 2003). Thus, deficient representation arises when counsels' actions are beyond the scope of reasonable professional judgment. Prejudice arises when there is a reasonable probability that, but for counsels' errors, the result of the proceeding would have been different. A reasonable probability is one sufficient to undermine confidence in the outcome. Strickland, *supra* at 466 U.S. 694.

The petitioner believes that counsel were ineffective because they failed to properly communicate to him a 15 year plea offer (Claim No. 1). In related claims, he alleges that counsel were ineffective for misinforming him that the government would have to prove that he attempted to kill the victim using both a knife and a truck (Claim No. 2) and by failing to provide him with discovery (Claim No. 3), both of which prevented the petitioner from making a reasonable decision regarding the plea offer.

Defense counsel's failure to communicate a plea offer to his client constitutes deficient performance. Missouri v. Frye, *supra*; Guerreo v. United States, 383 F.3d 409, 416 (6th Cir. 2004). At petitioner's post-conviction evidentiary hearing, however, counsel (J. Russell Parkes) testified that he had a discussion with the prosecutor in which the prosecutor told him that the State would consider a fifteen year plea offer to attempted first degree murder. Docket Entry No. 17-24 at pg. 100. While counsel did not deem this discussion to constitute a binding plea offer, he nevertheless informed petitioner of it. *Id.* at pg. 101. The petitioner acknowledged speaking with counsel about the plea offer, Docket Entry No. 17-25 at pg. 121, and rejecting it. *Id.* at pg. 124. Counsel memorialized his discussion with the petitioner about the plea offer in a letter prior to trial. Docket Entry No. 17-30 at pgs. 5-7. The petitioner signed the letter in acknowledgment of its contents. The letter also included a statement that counsel had sent the petitioner all available discovery. The

petitioner does not identify any particular discovery materials denied to him. Nor was there evidence suggesting that counsel misinformed the petitioner about the prosecution's burden of proof. In light of these circumstances, the state court's denial of these claims (Claim Nos. 1, 2 and 3) clearly was neither contrary to nor an unreasonable application of federal law.

The petitioner also asserts that counsel were ineffective for failing to seek suppression of his statements made to the Chicago police (Claim No. 4).[3]

Counsel did file a motion to suppress the petitioner's statements. Docket Entry No. 17-1 at pgs. 47-48. In the motion, it was argued that suppression of the statements was required because the police had failed to Mirandize the petitioner. The trial court denied the motion. Docket Entry No. 17-9 at pgs. 92-121. The petitioner now claims that counsel should have argued instead that his statements were not voluntary because he was "highly intoxicated" at the time he gave the statements.

During a hearing on the motion to suppress, a Chicago police officer testified that the petitioner was "highly intoxicated" when he gave his statements. *Id.* at pg. 20. There has been no evidence, however, showing that the petitioner told his attorneys that he had been too intoxicated when he gave his statements. Docket Entry No. 17-25 at pgs. 18-19. Counsel is not deficient for simply failing to assert every conceivable argument in a motion to suppress. In any event, at the conclusion of the post-conviction evidentiary hearing, the trial judge opined that "... I'm inclined to think that alleged involuntariness due to intoxication also is not enough to exclude those statements."

---

[3] While awaiting trial, the petitioner was involved in a fight with the victim's brother at a Chicago bar. As he was being arrested, the petitioner made unsolicited statements to the effect of "The only reason he's doing this is cause of what I did to his sister" and "I wish I had done it right the first time". Docket Entry No. 17-9 at pg. 34.

Docket Entry No. 17-26 at pg. 49. This suggests that the petitioner was not prejudiced by his attorneys' failure to use intoxication as a means to suppress his statements. As a consequence, it appears that this claim has no merit.

Finally, the petitioner believes that his attorneys were ineffective for neglecting to request an instruction that the jury must be unanimous in determining how the petitioner intended to kill the victim (Claim No. 5) because the indictment alleged alternate means of committing a single crime.

The record shows that counsel did not ask for a specific jury instruction. Docket Entry No. 17-24 at pgs. 119-120. Petitioner's appellate counsel admitted that he knew of no case law specifically requiring an enhanced unanimity instruction for an attempted offense. *Id.* at pg. 129. The state courts noted that the jury was instructed that it must render a unanimous verdict. Under such circumstances, there was no need for an enhanced unanimity instruction. Docket Entry No. 17-39 at pg. 12. Because state law did not require such an instruction, counsel were not deficient for failing to seek an enhanced unanimity instruction. In the absence of deficient conduct, counsel were not ineffective in this instance.

## RECOMMENDATION

The state courts found that the petitioner's claims had no merit. For the reasons discussed above, the undersigned agrees with that ruling. Accordingly, upon consideration of the pleadings and the record in this case, the undersigned respectfully RECOMMENDS that the petition be DENIED and that this action be DISMISSED. It is further RECOMMENDED that, in the absence of a substantial showing of the denial of a constitutional right, a certificate of appealability should not issue. 28 U.S.C. § 2253(c)(2).

Any objections to this Report and Recommendation must be filed with the Clerk of Court

within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See* Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

_____
E. Clifton Knowles
United States Magistrate Judge